UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | Case No. 1:13-cr-84 |
| v. ) | |
| ) | Judge Mattice |
| JEREMY CLARK, ) | Magistrate Judge Lee |
| ) | |
| *Defendant.* ) | |
| ) | |

## ORDER

On February 18, 2014, United States Magistrate Judge Susan K. Lee filed her Report and Recommendation (Doc. 23) pursuant to 28 U.S.C. § 636(b)(1). In her Report and Recommendation, Magistrate Judge Lee recommended that Defendant's Motion to Suppress (Doc. 15) be denied. On March 4, 2014, Defendant filed timely objections to the Report and Recommendation.[1] (Doc. 24).

The Court has now reviewed the entire record relevant to the instant objections, and for the reasons described below, the Court will **ACCEPT and ADOPT** Magistrate Judge Lee's Report and Recommendation and will **DENY** Defendant's Motion to Suppress.

## I. BACKGROUND

Magistrate Judge Lee accurately summarized the pertinent facts in her Report and Recommendation as follows:

> Defendant is charged in a one-count indictment alleging he is an unlawful user of a controlled substance in possession of a firearm and

---

[1] The Court notes that Defendant's counsel withdrew on May 7, 2014, and Attorney W.B. Mitchell Carter, Jr. was substituted as new counsel. *See* Doc. 27. On June 10, 2014, Attorney Carter gave notice that he wished to proceed with the previously filed Motion to Suppress and Objection to the Report and Recommendation. (Doc. 29).

ammunition. At the hearing, the government offered the testimony of Phillip S. Narramore, a Bureau of Alcohol, Tobacco, Firearms, and Explosives task force officer and detective with the Chattanooga Police Department ("CPD"). Defendant offered no testimony. Considering Officer Narramore's testimony and the exhibits, the relevant, and largely undisputed, facts are as follows.

All of the events at issue took place on April 29, 2013, after a same-day burglary involving the theft of firearms from a pawn shop. Officers with the CPD were attempting to locate "Kerry," a suspect in the burglary, at two particular houses. When CPD Officer Watkins arrived at one of the houses around 10:45 a.m., he saw Defendant walk out of the house. When Officer Watkins yelled for Defendant to stop, Defendant fled on foot. During the ensuing chase, Officer Watkins saw Defendant discard a firearm. Officer Watkins caught and secured Defendant, then retrieved the abandoned gun. Officer Watkins arrested Defendant for unlawful possession of a firearm without a permit. Items from Defendant's pockets, including a "smartphone," were seized during a search of his person incident to arrest.

Officer Narramore, who was at the scene to investigate the theft of firearms during the burglary, picked up the smartphone after it had been removed from Defendant's pocket and looked at the call log and recent text messages for the purpose of determining if Defendant was in contact with "Kerry." At the time, Officer Narramore did not know if the gun abandoned by Defendant was one of the firearms stolen from the pawn shop. Officer Narramore's initial review of the call log and text messages occurred within minutes of Defendant's apprehension at the site of his arrest. Officer Narramore did not have consent or a warrant to search Defendant's smartphone at that time. Officer Narramore thought "by law" that while he would need a warrant or consent to have a technology expert extract data from the phone, he could look at the call log and text messages as part of the search conducted incident to Defendant's arrest.

Defendant was transported to the CPD headquarters for questioning regarding the pawn shop burglary. Around 2:40 p.m., at the inception of the interview, Officer Narramore advised Defendant of his Miranda rights and told Defendant he could leave. Defendant waived his rights and signed a waiver of rights form at 2:44 p.m. In a recorded interview, Officer Narramore and another officer questioned Defendant for about an hour concerning the burglary and about certain data found on the smartphone. During the questioning, Officer Narramore and Defendant looked at various data contained in the smartphone, which was in the officers' possession during the interview. As the officers looked at data on the smartphone, they and Defendant discussed pictures, tweets, contacts, the call log, and text messages. Defendant at one point showed

Officer Narramore a photograph of his child on the smartphone. Officer Narramore never saw any data regarding "Kerry" on the smartphone.

Near the conclusion of the interview, Officer Narramore asked Defendant to sign a consent to search form so data could be extracted by "dumping" the digital content of the smartphone. Officer Narramore told Defendant the global positioning ("GPS") data from the smartphone could establish whether Defendant was near the pawn shop at the time of the burglary. Officer Narramore said if the consent form was not signed, he would try to seek a warrant. Officer Narramore's testimony indicated Defendant agreed to sign the consent form because he wanted to get his phone back quickly.

The government's response did not argue the smartphone searches during the interview were based on consent by Defendant. After viewing the recording of the interview, however, Officer Narramore testified he probably asked for and got consent to search the smartphone at some point prior to asking Defendant to sign the consent to search form because, toward the end of the recorded interview, Defendant stated, "I let you get at my phone." Officer Narramore, however, could not remember if he had asked for and obtained consent to look at the data on Defendant's smartphone prior to asking Defendant to sign the consent to search form. Officer Narramore conceded he cannot distinguish between text messages viewed prior to execution of the consent form from text messages viewed only after the consent form was signed.

(Doc. 23 at 1-4).

## II. ANALYSIS

Defendant has specifically objected to Magistrate Judge Lee's finding "that the good faith exception applies to the unconstitutional search of Mr. Clark's cell phone." (Doc. 24 at 1). In response, the Government asserts that it does not agree with Magistrate Judge Lee's finding that the search was unconstitutional, but agrees with her ultimate finding that the good faith exception applies and the evidence should not be suppressed. (Doc. 25 at 2).

When reviewing objections to a Report and Recommendation, the Court must conduct a *de novo* review of those portions of the Report and Recommendation to which

objection is made, and it may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1)(C).

In her Report and Recommendation, Magistrate Judge Lee concluded that it was uncontested that Defendant had a legitimate expectation of privacy regarding the text messages saved on his phone. (Doc. 23 at 5). Magistrate Judge Lee also found that "while the seizure of the smartphone was proper, the searches of Defendant's smartphone for digital data that were conducted without consent and without warrant, violate the Fourth Amendment." (*Id.* at 13). Finally, as Magistrate Judge Lee noted in her Report and Recommendation, the United States Supreme Court granted a writ of certiorari on January 17, 2014 to resolve this issue. *See United States v. Wurie*, No. 13-212, 2013 WL 4402108 (U.S. Jan. 17, 2014); *Riley v. California*, No. 13-132, 2013 WL 3938997 (U.S. January 17, 2014).

On June 25, 2014, the Supreme Court issued a unanimous Opinion ruling upon *Wurie* and *Riley*, as the cases both concerned whether the Fourth Amendment permits police officers to search an arrestee's cellular telephone without a warrant. 573 U. S. \_\_, \_\_ (2014) (slip op. at 1). The Court reviewed the search incident to arrest doctrine to determine how it should apply to "modern cell phones, which are now such a pervasive and insistent part of daily life that the proverbial visitor from Mars might conclude that they were an important feature of human anatomy." 573 U.S. at \_\_ (2014) (slip op. at 8-9).

Similar to previous Supreme Court opinions regarding a search incident to arrest, the Court balanced the promotion of legitimate government interests and an individual's right to privacy under the Fourth Amendment. In conducting this balancing of

4

interests, the Court concluded that a "digital data" search has no identifiable risk of harm to officers or destruction of evidence, which were the two risks identified in *Chimel v. California*, 395 U.S. 752 (1969). *See* 573 U.S. at ___ (2014) (slip op. at 10). Additionally, the Court distinguished a digital search from "the type of brief physical search" at issue in *United States v. Robinson*, 414 U.S. 218 (1973). *See* 573 U.S. at ___ (2014) (slip op. at 10, 17) ("Modern cell phones, as a category, implicate privacy concerns far beyond those implicated by the search of a cigarette pack, a wallet, or a purse."). Based on these considerations, and the "immense storage capacity" of modern cell phones, the Court held that "officers must generally secure a warrant before conducting [searches of data on cell phones.]" 573 U.S. at ___ (2014) (slip op. at 10, 17). However, while the Court held that the search incident to arrest exception does not apply to cell phones, it found that "other case-specific exceptions [such as the exigent circumstances exception] may still justify a warrantless search of a particular phone." 573 U. S. at ___ (2014) (slip op. at 26).

Regardless, Defendant agrees with Magistrate Judge Lee's finding regarding the unconstitutional search, and Defendant's objection relates to Magistrate Judge Lee's application of the exclusionary rule and the good faith exception. (Doc. 24). Specifically, Defendant argues that there is no established basis for Officer Narramore's belief that a warrant was not required to search Defendant's cell phone, and that suppressing any evidence found in Defendant's phone is the proper remedy under the exclusionary rule.

Despite Defendant's objection, the Court agrees with Magistrate Judge Lee's finding that a good faith exception to the exclusionary rule applies to the instant case.

5

As Magistrate Judge Lee thoroughly discusses in her Report and Recommendation, the Court is bound by the longstanding limitations of the suppression remedy set forth by the United States Supreme Court. *See Davis v. United States*, 131 S. Ct. 2419, 2426-27 (2011) ("Where suppression fails to yield 'appreciable deterrence,' exclusion is 'clearly . . . unwarranted.'"); *Herring v. United States,* 555 U.S. 135, 140 (2009) ("exclusion [of evidence] has always been our last resort, not our first impulse") (internal quotation omitted); *United States v. Leon*, 468 U.S. 897, 919-20 (1984) ("In short, where the officer's conduct is objectively reasonable, excluding the evidence will not further the ends of the exclusionary rule in any appreciable way; for it is painfully apparent that . . . the officer is acting as a reasonable officer would and should act in similar circumstances.") (internal quotations omitted); *U. S. v. Peltier*, 422 U.S. 531, 542 (1975) ("If the purpose of the exclusionary rule is to deter unlawful police conduct, then evidence obtained from a search should be suppressed only if it can be said that the law enforcement officer had knowledge, or may properly be charged with knowledge, that the search was unconstitutional under the Fourth Amendment."). Based on these limitations, suppression of evidence is only appropriate in certain circumstances in which unlawful police conduct would then be deterred. Accordingly, if Officer Narramore was objectively reasonable in believing that the search was constitutional, the evidence should not be suppressed.

In reviewing the record of this case, the Court finds Defendant's objection to be without merit. While Defendant argues that Officer Narramore's belief that he did not need a warrant to search Defendant's phone was unreasonable, Magistrate Judge Lee arrived at the conclusion that the belief was reasonable after hearing Officer

Narramore's testimony and evaluating his credibility. Magistrate Judge Lee also noted that, even though Officer Narramore's belief was objectively reasonable, such a course of action was "troubling" to her given the "relative ease of asking for either consent or a warrant." *See* Doc. 23 at 15.

It has long been the practice of our judicial system to leave credibility determinations to the fact finder best equipped to make those determinations. *See Anderson v. City of Bessemer City, N.C.,* 470 U.S. 564, 565 (1985); *United States v. U.S. Gypsum Co.,* 333 U.S. 364, 394 (1948) ("The practice in equity prior to the present Rules of Civil Procedure was that the findings of the trial court, when dependent upon oral testimony where the candor and credibility of the witnesses would best be judged, had great weight with the appellate court"). Although the Court agrees that Officer Narramore's conduct was certainly not a best practice, given the state of the law on this issue when the search was conducted and Magistrate Judge Lee's superior position to make a credibility determination regarding Officer Narramore's testimony, the Court sees no reason to disturb Magistrate Judge Lee's finding that the Officer's testimony was reasonable.[2] Thus, Defendant's objection will be **OVERRULED**.

Accordingly, the Court **ACCEPTS and ADOPTS** Magistrate Judge Lee's findings of fact, conclusions of law, and recommendations as set forth above pursuant to § 636(b)(1); Defendant's Objections (Doc. 24) are **OVERRULED**; and Defendant's Motion to Suppress (Doc. 15) is **DENIED.**

---

[2] The Court notes that, given the unanimous Opinion issued by the Supreme Court in *Wurie* and *Riley*, in future searches, it would no longer be objectively reasonable for an officer to conduct a digital search of an arrestee's cell phone unless there is a case-specific exception. 573 U. S. at \_\_\_\_ (2014) (slip op. at 10).

**SO ORDERED** this 26th day of June, 2014.

                                                          */s/ Harry S. Mattice, Jr.*
                                                          HARRY S. MATTICE, JR.
                                                  UNITED STATES DISTRICT JUDGE